GEORGE MOONEYHAN V. STATE

No. 28,783. January 30, 1957.

*J. C. Jacobs,* Corsicana, for appellant.

*Jimmy Morris,* County Attorney, Corsicana, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for contributing to the delinquency of a minor, with punishment assessed at a fine of $500 and one year in jail.

In view of the punishment of one year in jail, this conviction must rest under Art. 534, P.C.

The indictment charges that appellant, on or about the 13th day of April, 1956, did "unlawfully contribute to the delinquency of Michael Mooneyhan, a male, then and there under the age of seventeen years, by purchasing from him, the said Michael Mooneyhan, personal property, to-wit, 2 baseballs and one hunting knife, which said personal property the said Michael Mooneyhan had stolen."

A motion to quash the indictment because it failed to charge an offense was overruled.

The motion should have been sustained. There is an entire absence of any allegation that the appellant purchased the stolen property with knowledge that the property had been so acquired; nor is there any allegation by which the mere purchase, by appellant, of the property could have contributed to the delinquency of the child.

In setting out a form for indictment in prosecutions of this nature, Willson's Criminal Forms, Sixth Edition, Sec. 725, calls attention to the fact that the specific acts which contribute to the delinquency should be stated in the indictment. In order to be sufficient, an indictment must—among other things—"give the defendant notice of the particular offense with which he is charged." Art. 405, C.C.P.

Because the indictment is insufficient to support the conviction, the judgment is reversed and the prosecution is ordered dismissed.